10908

STATE v. MARTIN *ET AL*

(112 S. E. 922)

1. ADULTERY—REFUSAL TO DIRECT VERDICT FOR DEFENDANTS HELD
PROPER.—In a prosecution for adultery under Cr. Code 1912, § 383,
a refusal to direct a verdict for defendants on the ground of in-
sufficiency of evidence *held* proper.

2. CRIMINAL LAW—STATEMENT OF TRIAL COURT ON MOTION TO DIRECT
VERDICT HELD NOT ERROR.—In a prosecution for adultery under Cr.
Code 1912, § 383, a statement of the trial judge on being asked to
direct a verdict for defendants that there was enough evidence to
support a conviction, if the jury believed it, was not contrary to
Const. Art. 5, § 26, prohibiting Judges from charging juries in re-
spect to matters of fact, since the expression was used in refusing
a motion for a directed verdict, and not in charging the jury.

Before PEURIFOY, J., Richland, January, 1922. Affirmed.

Charlie Martin and Maude Grimsley convicted of habitual
carnal intercourse, living apart, and they appeal.

*Messrs. Cole L. Blease,* and *C. T. Graydon,* for appellant,
cite: *Verdict should have been directed:* 114 S. C., 192;
99 S. E., 813; 30 S. C., 85.

*Messrs. A. F. Spigner, Solicitor,* and *D. W. Galloway* for
respondent.

July 5, 1922.

The opinion of the Court was delivered by MR. CHIEF
JUSTICE GARY.

The defendants were indicted under Section 383 of
the Criminal Code of 1912, which follows:

"Adultery is the living together and carnal inter-
course of each other, or habitual carnal intercourse with
each other without living together, of a man and woman,
when either is lawfully married to some other person."

The indictment contained two counts, the first of which
charged that the defendants lived together and had carnal
intercourse with each other; and the second that they had

habitual carnal intercourse with each other, living apart. The solicitor at the close of the testimony, and before argument to the jury, withdrew the first count in the indictment.

The defendants' attorneys made a motion for the direction of a verdict. In refusing the motion, his Honor the presiding Judge thus ruled:

"The credibility of the witnesses is a matter for the jury, and the motion could not be granted, without my invading the province of the jury. I think there is ample testimony, if the jury believe it. And, as to the credibility of the witnesses, that is a matter for the jury."

The jury rendered a verdict of guilty; and the defendants appealed, upon the following exceptions:

(1) "Because his Honor the presiding Judge erred in not granting the defendants' motion for the direction of a verdict of not guilty. It being submitted that there was not sufficient evidence to convict the defendants."

(2) "Because his Honor the presiding Judge erred in stating in the presence of the jury, 'I think there is ample testimony to convict, if the jury believe it,' it being respectfully submitted that this statement was in violation of the Constitution of this State, and an expression of opinion on the facts. Article 5, § 26: 'Judges shall not charge juries in respect to matters of fact, but shall declare the law."

The first exception cannot be sustained, for the reason that the sufficiency of the evidence must be determined by the jury, while the question whether there is any evidence from which a reasonable inference can be drawn is one of law, to be determined by the presiding Judge.

The second exception must be overruled, for the reason that the language of the Circuit Judge was used by him in refusing the motion for the direction of a verdict, and not in charging the jury.

Affirmed.